**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROYCE DEDEAUX, | Civil Action No. 15-6296 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter having come before the Court on the Motion to Vacate, Set Aside or Correct Sentence ("Petition") of Petitioner Royce DeDeaux ("Petitioner"), for relief under 28 U.S.C. § 2255. It appearing that:

1. On May 30, 2014, Petitioner pleaded guilty and was sentenced by this Court for carjacking and related offenses. *United States v. DeDeaux*, No. 13-cr-0136, ECF No. 35 (D.N.J. entered May 30, 2014). Petitioner did not appeal the judgment of conviction.

2. Because Petitioner did not appeal his criminal judgment, his judgment became final, for the statute of limitations purposes, at the expiration of time to file such an appeal. *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 532 (2003). Under the Federal Rules of Appellate Procedure, Petitioner had 14 days to file an appeal after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). As such, Petitioner's judgment became final on June 13, 2014.

3. Section 2255 dictates that the Petition must be filed within a year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). As such, in order for the Petition to be timely, it had to be filed on or before June 13, 2015.

4. The Petition was filed with this Court on August 19, 2015, ECF No. 1, and post-marked August 17, 2015, *id.* at 15, yet the Petition was dated May 15, 2015, *id.* at 14.

5. Although the Petition was filed with the Court on August 19, 2015, the Third Circuit has held that for federal prisoners, "a document is deemed filed on the date it is given to prison officials for mailing." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013). "However, in order to benefit from this rule, the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been prepaid." *Id.* (citation and quotation omitted). Here, beyond the post-mark date and the date on the Petition, there is no other information for the Court to deduce when the Petition was actually given to prison officials for mailing. Given that the Petition must have been mailed on or before June 13, 2015 to be timely, the mailing date is of paramount importance in this case.

6. While Petitioner has provided no evidence, either in the form of a declaration, proof of postage paid, or otherwise, that the Petition was mailed on or before June 13, 2015, in the interest of justice, the Court will give Petitioner a chance to provide said evidence showing the actual mailing date of the Petition. Failure to do so will result in the Court construing August 19, 2015 as the actual filing date, which will result in the dismissal of the Petition as untimely. *See id.* ("Because Jenkins failed to comply with these prerequisites, he is not entitled to benefit from [the mailbox rule]."). Petitioner may also make any other arguments regarding the timeliness of the Petition as appropriate.

**IT IS** therefore on this 31 day of May, 2016,

**ORDERED** that Petitioner shall, within 30 days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be dismissed as time-barred; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Claire C. Cecchi
United States District Judge